IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY E. HERNANDEZ,

      Plaintiff,

vs.                                                                                                      No. CIV 22-0838 JB/KRS

BOARD OF COUNTY COMMISSIONERS,
"BernCo,"

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Johnny E. Hernandez' failure to prosecute his Civil Complaint, filed September 23, 2022 (Doc. 1-1)("Complaint"). The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Hernandez to update his address or show cause why the Court should not dismiss the Complaint for severing contact with the Court. See Order to Show Cause at 1, filed May 1, 2023 (Doc. 10)("OSC"). Because Hernandez has not complied with the OSC, the Court, having reviewed the applicable law and the record, will dismiss the Complaint without prejudice.

## BACKGROUND

Hernandez commenced this case while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Complaint ¶ 1, at 1. The Complaint stems from Hernandez' conditions of confinement at MDC. See Complaint ¶¶ 4-10, at 1-2. Hernandez initially filed the Complaint in the County of Bernalillo, Second Judicial District Court, State of New Mexico. See Complaint at 1. Defendant Board of County Commissioners, also known as "BernCo" in the filings, removed the case to federal court on November 4, 2022. See Notice of

Removal, filed November 4, 2022 (Doc. 1).  On the same day, the County Commissioners filed a Motion to Dismiss, filed November 4, 2022 (Doc. 5)("MTD").  In the MTD, the County Commissioners assert that Hernandez' Complaint fails to state a claim on which relief can be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure.  See MTD at 1; Fed. R. Civ. P. 12(b)(6).  The Court referred the matter to Magistrate Judge Sweazea for proposed findings and recommended disposition ("PFRD"), and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases at 1, filed December 5, 2022 (Doc. 9).

The MDC inmate locator website reflects that, after Hernandez filed the Complaint, MDC released him from custody.  See MDC Custody List -- Search Results, https://gtlinterface.bernco.gov/custodylist/Results (last visited June 24, 2023).  Hernandez did not notify the Clerk of the Court regarding his current address, as D.N.M. Local Civil Rule 83.6 requires.  See D.N.M. LR-Civ. 83.6 ("All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses.").  Accordingly, Magistrate Judge Sweazea fixed a deadline of May 31, 2023, for Hernandez to notify the Clerk of the Court of his new address or to show cause why the Court should not dismiss this action.  See OSC at 1.  The OSC warned that the failure timely to comply could result in dismissal of this case without further notice.  See OSC at 1.

Hernandez did not update his address by the deadline, show cause for such failure, or otherwise respond to the OSC.  MDC returned the OSC as undeliverable with the notation: "Not in Custody."  Returned Envelope, filed May 12, 2023 (Doc. 11).  The Court, therefore, will consider whether to dismiss this matter for lack of prosecution and failure to comply with rules and orders.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2007).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.  Those criteria include: "(1) the degree of actual prejudice to

the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994))).

Here, Hernandez is no longer in custody at his address of record. He has not provided an updated address, as the OSC and local civil rule 83.6 require. See OSC at 1; D.N.M. LR-Civ. 83.6. In light of these shortcomings, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Fed. R. Civ. P. 41(b); Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, however, the Court determines that it will dismiss the case without prejudice. See 492 F.3d at 1162. The Court also will deny as moot the County Commissioners' MTD.

**IT IS ORDERED** that: (i) the Civil Complaint, filed September 23, 2022 (Doc. 1-1), is dismissed without prejudice; (ii) the Motion to Dismiss, filed November 4, 2022 (Doc. 5), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Johnny E. Hernandez
Albuquerque, New Mexico

    *Plaintiff pro se*

Daniel J. Macke
Macke Law & Policy, LLC
Albuquerque, New Mexico

*Attorney for the Defendant*